IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-76,584






EX PARTE GEORGE WILLIS LAWRENCE, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. 058512-B IN THE 59TH DISTRICT COURT


FROM GRAYSON COUNTY






 Per curiam.


O P I N I O N



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of burglary of a
habitation and sentenced to twelve years' imprisonment. Applicant's appeal was dismissed for want
of jurisdiction. Lawrence v. State, No. 05-10-133-CR (Tex. App.-Dallas October 21, 2010).

 Applicant contends that his counsel rendered ineffective assistance because he failed to
timely file a notice of appeal. 

 The trial court has determined that counsel failed to timely file a notice of appeal. We find,
therefore, that Applicant is entitled to the opportunity to file an out-of-time appeal of the judgment
of conviction in Cause No. 058512-B from the 59th Judicial District Court of Grayson County. 
Applicant is ordered returned to that time at which he may give a written notice of appeal so that he
may then, with the aid of counsel, obtain a meaningful appeal. Within ten days of the issuance of this
opinion, the trial court shall determine whether Applicant is indigent. If Applicant is indigent and
wishes to be represented by counsel, the trial court shall immediately appoint an attorney to represent
Applicant on direct appeal. All time limits shall be calculated as if the sentence had been imposed
on the date on which the mandate of this Court issues. We hold that, should Applicant desire to
prosecute an appeal, he must take affirmative steps to file a written notice of appeal in the trial court
within 30 days after the mandate of this Court issues.


Delivered: June 22, 2011

Do Not Publish